**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RALPH BUNTON**                                                                                    **PLAINTIFF**
**ADC # 109485**

V.                                   Case No. 4:14CV00492 KGB/BD

**GARRY STEWART, et al.**                                                               **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**     <u>**Procedures for Filing Objections**</u>**:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**    <u>**Discussion**</u>**:**

   A.    Background

Plaintiff Ralph Bunton, now an inmate in the Arkansas Department of Correction ("ADC"), filed this *pro se* § 1983 action claiming that, while he was a pretrial detainee in the Faulkner County Detention Center, Dr. Garry Stewart and Lt. Durwin Lasker failed to provide him with constitutionally adequate medical care for shoulder, kidney, and bladder

problems. (Docket entry #2) Mr. Bunton also claims that Lt. Lasker violated his rights by harassing and attempting to intimidate him. (#2) For screening purposes, Judge Ray found that Mr. Bunton had stated plausible deliberate-indifference claims against both Defendants.[1] (#4)

The Defendants have moved for summary judgment, arguing that Mr. Bunton's claims fail as a matter of law. (#12) Mr. Bunton has responded to the motion. (#15) For the reasons explained below, the Court must recommend that Judge Baker grant summary judgment in favor of the Defendants.

B.   Standard

Summary judgment means that the court rules in favor of a party without a trial. A party asking for summary judgment is entitled to judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, Defendants Stewart and Lasker are the moving parties, so they must produce evidence showing that there is no real dispute about any fact that will make a difference in how the case is decided. If they meet this burden, Mr. Bunton must respond by

---

[1] On June 30, 2015, the Clerk of Court reassigned the referral in this case to Judge Deere. (#20)

producing evidence that contradicts the Defendants' evidence.  *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If Mr. Bunton does not come forward with enough evidence to show that there is a real dispute, the Court must grant summary judgment in favor of the Defendants; and there will be no trial.  *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

    C.    Medical Deliberate Indifference

        1.    Factual Background

In his Complaint, Mr. Bunton alleges that he suffered a left shoulder injury, as well as kidney and bladder problems.  (#2)  He alleges that Dr. Stewart saw him for those problems on July 31, 2014, but because he did not have money, Dr. Stewart "did very little to help [him]."  (#2, at p. 4)

Based on undisputed evidence, Mr. Bunton submitted medical requests on July 14, 2015, regarding trouble urinating and shoulder pain.[2]  (#13-2, pp. 7-9)  According to a document offered by the Defendants, the next available appointment was July 31, 2015.  (#13, ¶5)

On July 31, 2015, Dr. Stewart saw Mr. Bunton and prescribed ibuprofen for his shoulder pain.  (#13-2, pp. 11-12)  Dr. Stewart also noted Mr. Bunton's complaints of decreased urine stream and diagnosed benign prostatic hyperplasia (enlarged prostate).

---

[2] Many facts in Defendants' Statement of Facts address a lung complaint, a rash, Mr. Bunton's other interactions with Dr. Stewart, and a tooth complaint.  (#13, ¶¶1-4, 9, 14, 16-18)  None of these issues are part of Mr. Bunton's claims in this action.  (#2)

He planned to prescribe alpha blockers if Mr. Bunton's blood pressure was sufficiently controlled. (#13-1, p. 2) Dr. Stewart directed the nurse to maintain a blood pressure log and advised Mr. Bunton to sit when urinating. *Id*.

In his response to Defendants' motion, Mr. Bunton states that, at the July 31 visit, Dr. Stewart did not complete a physical examination or order any tests to determine the cause of his problem urinating. He attributes this to his lack of money to pay for treatment. (#15-1) Mr. Bunton also notes that Dr. Stewart has now completed a prostate examination, albeit six months after this lawsuit was filed; the clear implication being that Dr. Stewart delivered appropriate medical treatment only because of this lawsuit.

According to Dr. Stewart, Lt. Lasker was not a part of the Faulkner County Detention Center Medical Unit and did not provide medical services to detainees. (#13-1, p. 3) Mr. Bunton does not dispute this fact. Mr. Bunton did write grievances to Lt. Lasker concerning medical care. (#2, at pp. 4-5)

    2.    Discussion

Determining whether an official was deliberately indifferent to an inmate's medical needs requires a two-step inquiry. *Scott v. Benson*, 742 F.3d 335, 339-340 (8th Cir. 2014). First, did Mr. Bunton suffer from an objectively serious medical need? And second, did the Defendants actually know of, but deliberately disregard, that serious medical need? *Id*. "Deliberately disregard" means that a defendant had a mental state

"akin to criminal recklessness." *Id*. at 340. *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).

To prevail on this claim, Mr. Bunton must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman*, 756 F.3d 1060, 1065-66 (8th Cir. 2014). Stated another way, Mr. Bunton must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

      a.    Defendant Stewart

Mr. Bunton alleges that Dr. Stewart did little to address his medical needs. Even if this is true, standing alone, this does not establish deliberate indifference. Dr. Stewart addressed Mr. Bunton's shoulder pain by prescribing an over-the-counter anti-inflammatory and pain reliever, ibuprofen. There is no evidence in the record to show that Mr. Bunton's shoulder injury required more treatment than this at that time. In sum, Dr. Stewart did treat Mr. Bunton's shoulder complaints and did not disregard those complaints.

Regarding Mr. Bunton's bladder and kidney problems, Dr. Stewart diagnosed benign, enlarged prostate. (#13-1, p. 2) Assuming Dr. Stewart made this assessment

without completing a physical examination or blood tests,[3] this is not conduct that constitutes deliberate indifference. Even if Mr. Bunton could show that the failure to examine him and order tests was negligent, his deliberate-indifference claim would still fail. Even gross negligence does not rise to the level of a constitutional claim. *Fourte*, 746 F.3d at 387.

Here, the undisputed evidence shows that Dr. Stewart <u>did</u> address Mr. Bunton's bladder and kidney problems. He formed a diagnosis based on Mr. Bunton's complaints and advised him to sit when urinating to aid elimination while nurses monitored his blood pressure to see whether he could tolerate alpha blockers. Dr. Stewart's actions regarding Mr. Bunton's prostate fall far short of deliberate indifference to a serious medical need.

Mr. Bunton clearly disagrees with Dr. Stewart's treatment decisions, but a mere disagreement about medical treatment does not amount to a constitutional violation. *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 983 (8th Cir. 2006).

Furthermore, there is no evidence suggesting that Mr. Bunton was harmed by Dr. Stewart's medical decisions. Mr. Bunton continued to receive medical care. There is no indication that a lack of testing or alternate treatment injured Mr. Bunton, or that it created an excessive risk to Mr. Bunton's health. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Based on the evidence in the record, Mr. Bunton cannot establish a constitutional claim of deliberate indifference against Dr. Stewart.

---

[3] Mr. Bunton underwent testing related to this issue after filing this lawsuit.

b. Defendant Lasker

Mr. Bunton alleges that he wrote grievances to Lt. Lasker concerning his need for medical care.  (#2, at pp. 4-5)  Under prevailing law, Lt. Lasker's involvement in the grievance process is not actionable.  *Day v. Correctional Medical Services,* 281 Fed. Appx. 624, 626 (8th Cir. 2008) (unpub. per curiam)(participation in the grievance process is insufficient to establish liability under § 1983).  A deliberate-indifference claim must be brought against the individual directly responsible for an inmate's medical care.  *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997).  It is undisputed that Lt. Lasker was not a part of the Faulkner County Detention Center Medical Unit and did not provide medical services to detainees.  (#13-1, p. 3)

Mr. Bunton also alleges Lt. Lasker harassed and attempted to intimidate him.  If true, this conduct would be unprofessional and unacceptable in a well run jail.  But, based on current law and this record, Mr. Bunton has not stated a constitutional claim.  *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (verbal abuse, such as yelling, screaming, and using foul language, is normally not a constitutional violation).  Accordingly, Mr. Bunton's claims against Lt. Lasker fail.

### III.    Conclusion:

The facts in this case are undisputed.  For that reason, the Court recommends that Judge Baker GRANT Defendants' motion for summary judgment (#12) and DISMISS Mr. Bunton's claims, with prejudice.

DATED, this 5th day of August, 2015.

                                                                          UNITED STATES MAGISTRATE JUDGE